UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESLIE LAZAAR,

                                    Plaintiff,

            - against -

THE ANTHEM COMPANIES, INC., ET AL.,

                                    Defendants.

22-cv-3075(JGK)

MEMORANDUM OPINION &
ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Leslie Lazaar, filed this putative Fair
Labor Standards Act ("FLSA") collective action and Federal Rule
of Civil Procedure 23 class action, alleging that the defendants
unlawfully misclassified her and similarly situated individuals
as "learned professionals" exempt from the overtime pay
requirements of the FLSA and the New York Labor Law ("NYLL").
The defendants answered the complaint and now move for judgment
on the pleadings pursuant to Federal Rule of Civil Procedure
12(c). For the following reasons, the defendants' motion is
**denied.**

I.

"The standard for addressing a Rule 12(c) motion for
judgment on the pleadings is the same as that for a Rule
12(b)(6) motion to dismiss for failure to state a claim."
Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).
Thus, a court "will accept all factual allegations in the

complaint as true and draw all reasonable inferences in [the plaintiff's] favor." Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). "To survive a Rule 12(c) motion, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "Until both parties have an opportunity to test their evidence at summary judgment or trial, [the Court] must accept the non-movant's pleading as true and decline to weigh competing allegations asserted by the moving party." Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 301 (2d Cir. 2021).

## II.

### A.

The plaintiff alleges the following in the second amended complaint ("SAC"), ECF No. 21.

Defendant Anthem, Inc. ("Anthem") is a health insurance company. SAC ¶ 17. Defendants Empire HealthChoice and HealthPlus HP, LLC (the "Empire Entities") are wholly-owned subsidiaries of Anthem. Id. ¶ 13-16. Lazaar is a licensed registered nurse, or "RN." Id. ¶ 38. She alleges that the defendants jointly employed her from approximately April 2012 to January 2017 as a "utilization review nurse." Id. ¶ 39. In that capacity, Lazaar primarily performed "medical necessity reviews." Id. ¶ 48. She reviewed medical authorization requests submitted by healthcare providers against pre-determined guidelines and criteria and

determined whether there was insurance coverage. Id. ¶ 49. She could authorize the payment of claims if there was coverage. Id. ¶ 53. She was not an "appeals review" nurse and "did not primarily conduct reviews of denials of coverage." Id. ¶ 56.

Lazaar alleges that she worked alongside licensed practical nurses ("LPNs") who held the same job position and primarily performed the same work that she did. Id. ¶ 54. She alleges that she exercised no discretion or independent judgment on matters of significance, but rather that her primary duty involved the "use of skill in applying well-established techniques, procedures, or specific standards described in manuals or other sources." Id. ¶ 61 (quoting 29 C.F.R. § 541.202(e)). Lazaar alleges that she and other nurses like her routinely worked more than forty hours per week for the defendants, and sometimes more than sixty hours per week, but were classified by the defendants as exempt from federal and state overtime laws and therefore never received time-and-a-half overtime pay. Id. ¶¶ 63-64, 91. Lazaar also alleges that the defendants willfully misclassified her as exempt despite knowing that Anthem's predecessor, WellPoint, Inc., had been a defendant in a similar misclassification lawsuit brought in 2011 by other utilization review nurses. Id. ¶ 67; see also Ruggles v. WellPoint, Inc., 272 F.R.D. 320, 327 (N.D.N.Y. 2011).

**B.**

On November 4, 2019, just under three years after she stopped working for the defendants, Lazaar opted into an FLSA collective action against Anthem in Tennessee. See Canaday v. The Anthem Cos., No. 19-cv-1084 (W.D. Tenn. 2019); SAC ¶ 41. After the Canaday court limited the scope of the collective to Anthem employees in Tennessee, SAC ¶ 79, Lazaar filed this action on April 13, 2022 and withdrew from Canaday the next day, ECF No. 1; SAC ¶ 46. The operative second amended complaint in this action alleges that the defendants violated the FLSA and the NYLL by failing to provide overtime pay to Lazaar and all other utilization review nurses and similarly titled employees who primarily performed medical necessity reviews for the defendants in New York during the relevant periods. SAC ¶¶ 48, 89-105. Lazaar also alleges that the defendants violated the New York Wage Theft Prevention Act, NYLL § 195(1). SAC ¶ 106-110.

On August 14, 2022, the defendants answered the second amended complaint. Answer, ECF No. 24. The defendants admit that Anthem "has employed LPNs and RNs to conduct different types of medical necessity reviews." Id. ¶ 52. But they deny that Lazaar "worked alongside LPNs who worked in the same job position" or performed "similar medical necessity reviews as she did." Id. ¶ 54. Rather, the defendants assert, "RNs are generally expected to consult and analyze more complex materials and requests for

4

benefits," while LPNs "are generally expected to perform less complex reviews." Id. ¶ 52. The defendants deny Lazaar's allegation that only LPN-level credentials were necessary for utilization review work. Id. ¶ 62.

Five days after answering the complaint, the defendants filed this motion for judgment on the pleadings. The defendants argue that, as an RN performing utilization review, Lazaar was a "learned professional" exempt from the overtime pay requirements of the FLSA and the NYLL; that Lazaar's FLSA claims are time-barred; and that the Empire Entities must be dismissed because Lazaar has insufficiently alleged that the Empire Entities employed her. See Defs.' Memo., ECF No. 29.

### III.

The FLSA generally requires employees who work more than forty hours per week to be compensated for those excess hours at "not less than one and one-half times the [employees'] regular rate." 29 U.S.C. § 207(a)(1). The FLSA excludes from the overtime requirement any "employee employed in a bona fide . . . professional capacity." Id. ¶ 213(a)(1). For this professional exemption to apply, the employer bears the burden of satisfying a "primary duty test" with three prongs: first, that the employee performs work requiring advanced knowledge; second, that the advanced knowledge is in a field of science or learning; and third, that the advanced knowledge is customarily

acquired by a prolonged course of specialized intellectual instruction. Pippins v. KPMG, LLP, 759 F.3d 235, 238 (2d Cir. 2014); 29 C.F.R. § 541.301(a). State-licensed RNs "generally meet the duties requirements for the learned professional exemption." 29 C.F.R. § 541.301(e)(2). LPNs generally are not exempt, because "possession of a specialized advanced academic degree is not a standard prerequisite for entry into such occupations." Id.

The parties do not dispute that any advanced knowledge Lazaar had during her employment was in a field of science or learning. But the parties dispute whether Lazaar performed "work requiring advanced knowledge," and whether this advanced knowledge was "customarily acquired by a prolonged course of specialized intellectual instruction." Lazaar alleges that she worked alongside LPNs who performed the same medical necessity reviews that she did, that an RN license is unnecessary for the kind of utilization review work Lazaar performed, and that her review of requests against pre-determined guidelines and criteria did not involve the application of clinical judgment and experience. These allegations plausibly suggest that Lazaar's primary work did not require advanced knowledge customarily acquired through an advanced degree. The defendants dispute these allegations, but on a Rule 12(c) motion, "the court's task is to assess the legal feasibility of the

6

complaint; it is not to assess the weight of the evidence that might be offered on either side." Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020).

The defendants also argue that Isett v. Aetna Life Ins. Co., 947 F.3d 122 (2d Cir. 2020), disposes of Lazaar's claims. Isett held that a particular "appeals nurse consultant" - an RN who, unlike Lazaar, reviewed denials of claims for insurance coverage - was a learned professional. Id. at 139. Isett is inapposite at this stage, for several reasons. First, Isett was decided on a motion for summary judgment, not a motion for judgment on the pleadings. Id. at 127. Second, the "relevant, material facts," particularly "how Isett spent her working time," were undisputed. Id. at 130. And finally, those undisputed material facts showed that Isett's primary duty "require[d] the judgment characteristic of other registered nurses" and "call[ed] on advanced nursing knowledge that is at the core of the prolonged course of study that registered nurses receive before entering their profession." Id. at 139. More particularly, it was undisputed in Isett that the plaintiff RN was in the position of an "appeals nurse consultant," which could only be filled by RNs, id. at 126, while Lazaar claims that she worked with LPNs who performed the same function that she did. Discovery may bear out the defendants' contention that Lazaar, like Isett, primarily performed work typical of other

7

RNs. At this stage, however, Lazaar plausibly alleges otherwise. The defendants' motion for judgment on the pleadings on Lazaar's FLSA claims is therefore **denied**.

### IV.

"New York State labor regulations substantially incorporate and adopt the FLSA's overtime regulations." Lewis v. Alert Ambulette Serv. Corp., No. 11-cv-442, 2012 WL 170049, at *5 (E.D.N.Y. Jan. 19, 2012). "A learned professional exemption similar to the FLSA's is in the New York Labor Law." Padilla v. Sheldon Rabin, M.D., P.C., 176 F. Supp. 3d 290, 301 (E.D.N.Y. 2016). The parties agree that Lazaar's NYLL and FLSA claims rise and fall together. Therefore, for the same reasons that the defendants' motion for judgment on the pleadings on Lazaar's FLSA claim is denied, the defendants' motion for judgment on the pleadings on Lazaar's NYLL claim is also **denied**.

### V.

The defendants argue that Lazaar's FLSA claim is time-barred. The limitations period for FLSA claims is generally two years, but "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Lazaar ended her employment in January 2017. She tolled her claims by opting into the Canaday action on November 4, 2019, just under three years later. Accordingly, if the two-year statute of limitations applies,

Lazaar's FLSA claim must be dismissed, but if the defendants'
alleged violations were willful, the three-year statute of
limitation applies and the FLSA claim cannot be dismissed on
this basis.

An employer willfully violates the FLSA if it "either knew
or showed reckless disregard for the matter of whether its
conduct was prohibited by the statute." McLaughlin v. Richland
Shoe Co., 486 U.S. 128, 133 (1988). "FLSA plaintiffs must
plausibly allege willfulness to secure the benefit of the three-
year exception at the pleadings stage." Whiteside v. Hover-
Davis, Inc., 995 F.3d 315, 320 (2d Cir. 2021). Lazaar alleges
that the defendants knew that Lazaar and others routinely worked
more than forty hours per week without overtime pay and that the
defendants were on notice that Lazaar's classification as a
professional may have been unlawful because Anthem's predecessor
was sued in 2011 by utilization review nurses alleging that they
were similarly misclassified. SAC ¶¶ 67, 95. These allegations
are sufficient at this stage to preclude a finding that the
defendants' violation, if any, was not willful and that this
action is governed by the two-year statute of limitations.
Similar allegations of willfulness have precluded even summary
judgment for the employer. See, e.g., Trimmer v. Barnes & Noble,
Inc., 31 F. Supp. 3d 618, 629 (S.D.N.Y. 2014) ("[A] reasonable
fact-finder may find that the defendants were warned of possible

FLSA violations in the classification of [employees] nationwide and that the defendants' disregard of this warning with respect to [the same employees] in other states was evidence of willfulness.").

The defendants argue that "Isett's holding that nurses like Lazaar satisfy the professional exemption renders [it] impossible" that the defendants willfully violated the FLSA. Defs.' Memo. at 12. But Isett did not hold squarely that nurses like Lazaar are exempt. Moreover, the Court of Appeals issued Isett in 2021, nine years after Lazaar began her employment and four years after she ended it. The defendants cannot claim a lack of willfulness in misclassifying Lazaar as exempt by relying on a legal decision that postdated her employment.

## VI.

Finally, Empire HealthChoice and Empire HealthPlus move to dismiss the claims against them on the ground that they did not employ Lazaar. The FLSA defines "employer" broadly to "include any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Courts in this district regularly apply the same tests to determine whether entities are employers under the FLSA and the NYLL. See Olvera v. Bareburger Grp. LLC, 73 F. Supp. 3d 201, 206 (S.D.N.Y. 2014).

Lazaar presses two theories of employer liability against the Empire Entities: first, that the Empire Entities jointly employed her with Anthem; and second, that the Empire Entities and Anthem operate as a single integrated enterprise. Pl.'s Opp. at 19-20. To sustain her allegation that the Empire Entities and Anthem jointly employed her, Lazaar must plead that the Empire Entities "permitted" or "suffered" her to work as a matter of "economic reality." Zheng v. Liberty Apparel Co., 355 F.3d 61, 66 (2d Cir. 2003). Courts generally look to whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 67. "[O]ther factors that bear on the relationship between workers and potential joint employers" may also be also relevant. Id. Meanwhile, under the "single integrated enterprise test," courts "consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Juarez v. 449 Rest., Inc., 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014). "Although no one factor is dispositive, control of labor relations is the central concern." Morales v. Anyelisa Rest. Corp., No. 18-cv-7641, 2019 WL 3430106, at *2 (S.D.N.Y. July 30, 2019).

It is "rarely appropriate" to determine joint employer
status at the summary judgment stage, let alone on a motion for
judgment on the pleadings, "because of the [inquiry's] fact-
intensive character." Hart v. Rick's Cabaret Int'l, Inc., 967 F.
Supp. 2d 901, 941 (S.D.N.Y. 2013). At the pleading stage, a
plaintiff need only allege facts that "if true, would satisfy
the 'economic reality' test for establishing employer status."
Olvera, 73 F. Supp. 3d at 208. Lazaar alleges that the Empire
Entities made hiring decisions and controlled Lazaar's work "by
determining how to structure the medical necessity reviews."
SAC ¶ 33. Lazaar also alleges that all three defendants
maintained employment records, id. ¶ 30, that she was supervised
by managers employed by Anthem's subsidiaries, id. ¶ 34, and
that all three defendants exercised control over the means of
Lazaar's work performance by maintaining the software tools and
systems Lazaar and other utilization review nurses were required
to use, id. ¶ 31. The defendants dispute some of these
allegations, but a motion for judgment on the pleadings is not
the forum to weigh disputes of fact. Lazaar's allegations are
enough to plead sufficiently that the Empire Entities controlled
Lazaar or were operating as a single integrated enterprise with
Anthem. See, e.g., Morales, 2019 WL 3430106, at *3 (single
integrated enterprise test satisfied where defendants had a
common corporate and ownership structure and centralized human

resources, payroll operations, and common wage-and-hour policies); Galicia v. Ice Cream House on Bedford Ave LLC, No. 16-cv-6738, 2017 WL 6733985, at *3 (E.D.N.Y. Oct. 17, 2017), report & recommendation adopted, 2017 WL 6759299 (E.D.N.Y. Dec. 29, 2017) (single integrated enterprise and joint employer tests satisfied on motion to dismiss where, among other things, defendants "share[d] some common ownership" and had a centralized "payroll, scheduling, and human resource" structure). The defendants' motion for judgment on the pleadings dismissing the claims against the Empire Entities is therefore **denied.**

## VII.

In their reply, the defendants urge that class or collective proceedings are inappropriate in this case because Lazaar has allegedly conceded that exemption questions under the FLSA are "inherently . . . case-by-case inquir[ies]. Defs.' Reply, ECF No. 36, at 1-2 (quoting Pl.'s Opp. at 15). However, "the Court need not consider arguments raised for the first time in reply." Garmashov v. U.S. Parachute Ass'n, Inc., No. 21-cv-4917, 2022 WL 17342390, at *5 (S.D.N.Y. Nov. 29, 2022). This argument is not the basis for the defendants' motion and is therefore not the basis for any relief at this time.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendants' motion for judgment on the pleadings is **denied**. The Clerk is directed to close ECF No. 28.

**SO ORDERED.**

Dated:   New York, New York
         January 25, 2023

                                    _____
                                        John G. Koeltl
                                  United States District Judge

14