**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
───────────────────────────────

**LESLIE LAZAAR,**

                           **Plaintiff,**

       - against -

**THE ANTHEM COMPANIES, INC.,**
**ET AL.,**

                         **Defendants.**
───────────────────────────────

               **22-cv-3075 (JGK)**

               <u>**OPINION & ORDER**</u>

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Leslie Lazaar, filed this putative Fair
Labor Standards Act ("FLSA") collective action and Federal Rule
of Civil Procedure 23 class action, alleging that the defendants
unlawfully misclassified her and similarly situated individuals
as exempt from the overtime pay requirements of the FLSA and the
New York Labor Law ("NYLL"). The plaintiff now moves pursuant to
29 U.S.C. § 216(b) for an order "conditionally certifying" this
case as an FLSA collective action and authorizing notice to be
sent to potential opt-in plaintiffs. ECF No. 41. For the
following reasons, the plaintiff's motion is **granted.**

                                    **I.**

    The defendants are subsidiaries of Anthem, Inc. ("Anthem"),
the health insurance company. Sec. Am. Compl., ECF No. 21

("Compl.") ¶¶ 11-18.[1] Lazaar, the plaintiff, is a licensed registered nurse, or "RN," whom the defendants allegedly employed from April 2012 through January 2017 as a "utilization review nurse," in which capacity she principally performed "medical necessity reviews" (also called "utilization reviews"). Id. ¶¶ 38-39, 48, 61. The plaintiff alleges that she sometimes worked more than forty hours per week for the defendants, and occasionally more than sixty hours per week, but was wrongly classified by the defendants as exempt from federal and state overtime laws and therefore never received time-and-a-half overtime pay. Id. ¶¶ 63-64, 91. On April 13, 2022, the plaintiff filed this action, alleging that the defendants violated the FLSA and the NYLL, principally by failing to pay her and similarly situated employees time-and-a-half pay for overtime work. See ECF No. 1. Three other utilization review nurses -- Paula Skelley, Susan Sacca-Gravell, and Terry Leone -- have since opted into the action. See ECF Nos. 1-2 (Skelley), 30-1 (Sacca-Gravell), 40-1 (Leone).

After answering the operative second amended complaint, the defendants moved for judgment on the pleadings, arguing that, as an RN performing utilization reviews, the plaintiff was a

---

[1] On June 28, 2022, Anthem allegedly rebranded itself as Elevance Health. Compl. ¶ 18. Consistent with the parties' usage, the Court refers to the defendants as "Anthem" subsidiaries.

"learned professional" exempt from the overtime pay requirements of the FLSA and the NYLL; that her FLSA claims were time-barred; and that she failed to allege sufficiently that two of the defendants employed her. ECF Nos. 28, 29. On January 25, 2023, the Court denied the motion for judgment on the pleadings. Lazaar v. Anthem Cos., Inc., No. 22-cv-3075, 2023 WL 405016, at *5 (S.D.N.Y. Jan. 25, 2023).

The plaintiff now seeks an order pursuant to 29 U.S.C. § 216(b) granting conditional certification of this collective action and authorizing her to send notice to members of a putative collective of similarly situated utilization review nurses employed by the defendants in New York. ECF No. 41. Specifically, the plaintiff seeks permission to issue notice to the following FLSA collective:

> All persons who worked as Utilization Review Nurses, Medical Management Nurses, Utilization Management Nurses, Utilization Managers, or in similar positions who were paid a salary and treated as exempt from overtime laws and were primarily responsible for performing medical necessity reviews for Defendants in New York from three years prior to the date notice is sent through the present.

Pl.'s Memo., ECF No. 42, at 8.

The plaintiff alleges that the defendants have used various job titles for their utilization review nurses in New York State, including "utilization review nurse," "medical management nurse," and "utilization management nurse." Compl. ¶¶ 5, 48.

Regardless of job title, however, the plaintiff alleges that all
these workers performed the same non-exempt primary duty of
conducting utilization or medical necessity reviews for
insurance coverage and payment purposes. Id. ¶ 49. The plaintiff
further alleges that, regardless of job title, the defendants
uniformly classified these workers as exempt from the overtime
provisions of the FLSA and the NYLL. Id. ¶ 58. The plaintiff
supports these allegations through declarations by herself and
two other individuals who worked as utilization review nurses
for the defendants: Terry Leone, who opted into the action, and
Paul Wu. See Srey Decl., ECF No. 43-1 ("Pls.' Decl."); ECF No.
43-2 ("Wu Decl."). Leone worked as a utilization review nurse
for Anthem in Albany, New York, and Amsterdam, New York, from
approximately April 2013 to February 2020, and allegedly was
misclassified as exempt from overtime pay. Pls.' Decl. at 5
¶¶ 2, 4; id. at 7 ¶ 13. Leone also names five other utilization
review nurses who "performed similar job duties as I did and
also did not receive overtime pay." Id. at 7 ¶ 15. Wu worked as
a utilization reviewer for Anthem from approximately July 2009
to May 2017 in Manhattan and Brooklyn. Wu Decl. ¶¶ 2, 4. Wu also
names other utilization reviewers who "performed similar job
duties as I did and also did not receive overtime pay."
Id. ¶ 17.

4

## II.

### A.

The FLSA allows employees to maintain an action to recover unpaid wages collectively where the employees are "similarly situated" and file consent in writing to opt into the action. 29 U.S.C. § 216(b). District courts have discretion to implement Section 216(b) by facilitating notice to potential plaintiffs of the existence of the action and their opportunity to opt in. Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010). The Court of Appeals for the Second Circuit has endorsed a two-step method to certify an opt-in FLSA collective action. Id. at 554-55. At Step One, the subject of the current motion, the district court asks whether it is appropriate to send notice to potential opt-in plaintiffs "who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred," thus issuing a "conditional certification" of the collective action. Id. at 555; see Schwerdtfeger v. Demarchelier Mgmt., Inc., No. 10-cv-7557, 2011 WL 2207517, at *3 (S.D.N.Y. June 6, 2011) ("Orders authorizing notice are often referred to as orders 'certifying' a collective action, even though the FLSA does not contain a certification requirement.").[2]

_____

[2] Unless otherwise noted, this Opinion and Order omits all alterations, citations, footnote, and internal quotation marks in quoted text.

"In exercising its discretion at the conditional certification stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Schwerdtfeger, 2011 WL 2207517, at *3. Plaintiffs need only make a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." Myers, 624 F.3d at 555. "In a FLSA exemption case, plaintiffs accomplish this by making some showing that there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions, on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme." Id. The modest factual showing "should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." Id. Plaintiffs may satisfy this burden through allegations in the pleadings and affidavits. Hernandez v. Bare Burger Dio Inc., No. 12-cv-7794, 2013 WL 3199292, at *2 (S.D.N.Y. June 25, 2013) (collecting cases).

If the plaintiff demonstrates that "similarly situated" employees exist, the Court should conditionally certify the collective, order that appropriate notice be given to members of the putative collective, and the action should continue as a

"collective action throughout the discovery process." Cunningham
v. Elec. Data Sys. Corp., Nos. 06-cv-3530, 08-cv-10409, 2010 WL
5076703, at *5 (S.D.N.Y. Dec. 13, 2010). It is at Step Two, on a
fuller record, that the district court will determine whether
the "plaintiffs who have opted in are in fact 'similarly
situated' to the named plaintiffs" and, therefore, whether a
collective action may proceed. Myers, 624 F.3d at 555. If a
collective action may not proceed at that point, the action may
be "de-certified" and the opt-in plaintiffs' claims dismissed
without prejudice. Id.

### B.

The plaintiff has satisfied her modest factual burden of
showing that similarly situated employees exist. The plaintiff
contends that she and the members of the putative collective
performed the same primary job duty of conducting medical
necessity reviews in New York for the defendants by reviewing
authorization requests for medical benefits and services against
predetermined guidelines and criteria. Pls.' Decls. ¶¶ 3, 6; Wu
Decl. ¶¶ 3, 6, 10; Srey Decl., Ex. C; see also Compl. ¶¶ 49, 53-
54, 62. The plaintiff further contends that she and the members
of the putative collective were compensated on a salary basis,
were classified as exempt from overtime, and were not paid time-
and-half for the overtime hours they worked. Pls.' Decls. ¶¶ 10-
13; Wu Decl. ¶¶ 12-15; Srey Decl., Ex. E. These assertions make

the requisite showing that there are other employees who are similarly situated to the plaintiff with respect to their job requirements and their pay provisions who are classified as exempt pursuant to a common policy or scheme. See Myers, 624 F.3d at 555.

This conclusion is consistent with the four other district courts that have granted conditional certification in cases materially identical to this one, involving utilization review and medical management nurses who worked for Anthem subsidiaries in Tennessee, Minnesota, Virginia, and Georgia. See Midkiff v. Anthem Cos., -- F. Supp. 3d --, 2022 WL 16847693, at *6 (E.D. Va. Nov. 10, 2022); Canaday v. Anthem Cos., 439 F. Supp. 3d 1042, 1049 (W.D. Tenn. 2020); Learing v. Anthem Cos., No. 21-cv-2283, 2022 WL 594378, at *5 (D. Minn. Feb. 28, 2022); Baker v. Anthem Cos., No. 21-cv-4866 (N.D. Ga. Feb. 6, 2023), ECF No. 60 at 9. As in those cases, conditional certification is appropriate in this case.

## C.

The defendants' main argument against conditional certification is that the Court should ignore the two-step approach. Instead, the defendants propose following Swales v. KLLM Transport Services, L.L.C., 985 F.3d 430 (5th Cir. 2021). In that case, the Court of Appeals for the Fifth Circuit directed district courts in that circuit to "rigorously

scrutinize the realm of 'similarly situated' workers" from "the outset of the case, not after a lenient, step-one 'conditional certification.'" Id. at 434. The court held that district courts should determine from the start "what facts and legal considerations will be material to determining whether a group of employees is similarly situated" and then allow discovery "to determine if and when to send notice to potential opt-in plaintiffs." Id. at 441.

There is no basis for this Court to depart from the two-step certification procedure endorsed by the Court of Appeals for the Second Circuit. By allowing potential plaintiffs to opt in early in an FLSA collective action, court-authorized notice under the two-step procedure may be essential "to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy." Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No. 12-cv-265, 2012 WL 1981507, at *2 (S.D.N.Y. June 1, 2012). That is because, unlike in class actions under Federal Rule of Civil Procedure 23, plaintiffs in FLSA collective actions must affirmatively opt in to be part of the action, Myers, 624 F.3d at 542, and "[t]he statute of limitations on an individual's FLSA claims continues to run until that individual opts in as a plaintiff," Fracasse v. People's United Bank, No. 12-cv-670, 2013 WL 3049333, at *2 (D. Conn. June 17, 2013). Although the FLSA does not require the

two-step procedure, its endorsement in Myers reinforces its propriety in this Circuit. And to the extent Myers and Swales conflict, this Court is "of course not bound to reject [the Second Circuit's] well-considered precedents in favor of another circuit's." United States v. Afriyie, 27 F.4th 161, 170 (2d Cir. 2022).

In any event, "very few district courts outside the Fifth Circuit have chosen to follow Swales, and no other circuit court has adopted its reasoning." Manasco v. Best In Town, Inc., No. 21-cv-381, 2022 WL 816469, at *6 n.5 (N.D. Ala. Mar. 17, 2022); see also, e.g., Santos v. E&R Servs., Inc., No. DLB-20-2737, 2021 WL 6073039, at *3 (D. Md. Dec. 23, 2021) (declining "to break from 20 years of precedent applying the two-stage certification process"); McCoy v. Elkhart Prods. Corp., No. 20-cv-5176, 2021 WL 510626, at *2 (W.D. Ark. Feb. 11, 2021) ("The Court will follow the historical, two-stage approach, which has proven to be an efficient means of resolution of this issue."); Piazza v. New Albertsons, LP, No. 20-cv-3187, 2021 WL 365771, at *5 n.6 (N.D. Ill. Feb. 3, 2021) (declining defendant's "invitation to deviate from the well-established process or standard to allow the parties to engage in extensive discovery based on Swales"). The other cases involving Anthem also rejected appeals to Swales. See Learing, 2022 WL 594378, at *4; Midkiff, 2022 WL 16847693, at *3; Baker, No. 21-cv-4866, ECF No.

10

60, at *5 n.2. Like those courts, this Court declines to depart from the two-step approach.[3]

The defendants also argue that, even under the two-step approach, the plaintiff failed to demonstrate sufficient similarity for notice to issue. The defendants argue that "the mere classification of a group of employees" as exempt under the FLSA is insufficient to show that members of the putative collective are similarly situated. Defs.' Opp., ECF No. 47, at 15 (quoting Jenkins v. TJX Cos., 853 F. Supp. 2d 317, 323 (E.D.N.Y. 2012)). But the plaintiff's contentions go far beyond that allegation. Instead, she alleges, and supports with affidavits, that she and the members of the putative collective performed the same non-exempt primary duties, were paid the same way, and worked unpaid overtime -- in short, that they were subject to a common policy that could determine collective-wide liability. These assertions satisfy the plaintiff's burden at Step One.

Equally meritless is the defendants' argument that the plaintiff's declarations should be ignored because the

---

[3] After briefing on this motion, the Court of Appeals for the Sixth Circuit took a third approach, holding that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." Clark v. A&L Homecare & Training Ctr., LLC, -- F.4th --, Nos. 22-3101/3102, 2023 WL 3559657, at *4 (6th Cir. May 19, 2023). Like Swales, Clark provides no compelling reason for this Court to depart from the "modest factual showing" counseled by Myers and applied in this Circuit.

declarants worked for Anthem outside the period the plaintiff
proposes for the putative collective. See Defs.' Opp. at 16.
Affidavits of workers whose employment falls outside the
statutory period "are probative of employers' wage and hour
practices and they may corroborate the claims of more recent
violations." Lujan v. Cabana Mgmt., Inc., No. 10-cv-755, 2011 WL
317984, at *5 (E.D.N.Y. Feb. 1, 2011); see also Rosario v.
Valentine Ave. Disc. Store, Co., 828 F. Supp. 2d 508, 515-16
(E.D.N.Y. 2011) (rejecting employer's argument that plaintiff's
supporting declaration added nothing because it discussed
periods outside the statutory period); Tanski v. Avalonbay
Cmtys., No. 15-cv-6260, 2017 WL 10858910, at *11 (E.D.N.Y. Mar.
31, 2017) (acknowledging that evidence outside of FLSA's three-
year limitations period was relevant to motion). In this case,
the plaintiff's affidavits, which detail employment by the
defendants over 11 years, show that the material aspects of the
roles at issue -- the primary duty, salary pay, and
classification status of the defendants' employees -- have
remained constant. See Wu Decl. ¶ 2; Leone Decl. ¶ 2. These
declarations corroborate the allegations in the complaint that
demonstrate that similarly situated plaintiffs currently exist.
See, e.g., Hernandez v. NGM Mgmt. Grp. LLC, No. 12-cv-7795, 2013
WL 5303766, at *3 (S.D.N.Y. Sept. 20, 2013) (collecting cases
that routinely find that a plaintiff's allegations and the

12

"personal observations of one plaintiff's affidavit" are sufficient for conditional certification).

Finally, the defendants argue that the proposed collective does not consist of similarly situated workers because the actual duties of utilization review nurses vary in ways that their titles alone do not capture, including in the reviews they conduct and criteria they evaluate, their interactions with providers and members, their level of supervision, and the training they give and receive. See Defs.' Opp. at 18-19. But to defeat conditional certification, it is "insufficient to merely describe all the ways in which plaintiff's exact day-to-day tasks differ." Ravenell v. Avis Budget Car Rental, LLC, No. 08-cv-2113, 2010 WL 2921508, at *5 (E.D.N.Y. July 19, 2010). "Courts have found employees to be similarly situated for purposes of conditional certification despite differences in the employees' job functions or the details of their claims." Schwerdtfeger, 2011 WL 2207517, at *4 (collecting cases). In this case, any "granular differences in job titles and duties do not surmount the overarching similarities described in Plaintiff's declarations" and the complaint, namely, that the members of the putative collective worked for the defendants in New York, had a primary duty of utilization review, were paid a salary, and were classified as overtime-ineligible. See Learing, 2022 WL 594378, at *5.

In short, because the plaintiff has demonstrated that there are potential opt-in plaintiffs who are "similarly situated" to her, the motion for conditional certification is **granted**.

### III.

The parties dispute whether and how to authorize notice to the potential opt-in plaintiffs.

Once an FLSA collective has been conditionally certified, the content of the notice is "left to the broad discretion of the trial court." Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). The Court's role is to ensure that notice "is timely, accurate, and informative." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 172 (1989). The "goals of the notice" are "to make as many potential plaintiffs as possible aware of th[e] action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." Elmajdoub v. MDO Dev. Corp., No. 12-cv-5239, 2013 WL 6620685, at *4 (S.D.N.Y. Dec. 11, 2013). At the same time, "the notice process for case management purposes is distinguishable in form and function from the solicitation of claims," and "courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Hoffman-La Roche, 493 U.S. at 174.

The plaintiff asks for (1) a 60-day notice period; (2) notice to be sent by U.S. mail, email, and text message; and (3)

14

a reminder notice by U.S. mail, email, and text message 21 days before the notice period deadline. Pl.'s Memo. at 13. The plaintiff also asks the Court to order the defendants to disclose the names and contact information for all putative collective members to effectuate notice. Id. The defendants call that proposal "invasive and harassing" and suggest that "it risks the appearance of judicial endorsement of Lazaar's claims." Defs.' Opp. at 20. The defendants also object to the substance of the notice as vague, unduly favorable to the plaintiff, and insufficiently detailed "about the full slate of consequences of joining a lawsuit as well as the[] opportunity to abstain by doing nothing." Id. at 20-21. The defendants ask the Court to allow the parties 21 days to jointly propose a notice and notice distribution plan, "after which appropriately limited contact information for the class that this Court defines would be due for exchange within 30 days." Id. at 21.

The Court will require the defendants to provide the list of names and contact information for all putative collective members within **21 days** of the date of this Opinion and Order. See, e.g., Khamsiri, 2012 WL 1981507, at *2 ("Many courts have determined that discovery of contact information is appropriate at the notice stage in FLSA collective actions."). The parties shall confer promptly about the form of the notice and shall report to the Court within **30 days** of the date of this Opinion

and Order whether the parties have reached agreement on the form
of the notice. If the parties have not reached agreement by that
date, the parties should submit their counter-proposals, and the
Court will authorize a form of notice that the Court finds
reasonable.

### CONCLUSION

The Court has considered all of the parties' arguments. To
the extent not specifically addressed above, the arguments are
either moot or without merit. For the foregoing reasons, the
plaintiff's motion for conditional certification of an FLSA
collective is **granted.** The Court authorizes this case to proceed
as an FLSA collective action. The putative collective is defined
as follows:

> All persons who worked as Utilization Review Nurses,
> Medical Management Nurses, Utilization Management
> Nurses, Utilization Managers, or in similar positions
> who were paid a salary and treated as exempt from
> overtime laws and were primarily responsible for
> performing medical necessity reviews for Defendants in
> New York from three years prior to the date notice is
> sent through the present.

Within **21 days** of the date of this Opinion and Order, the
defendants shall provide the plaintiff with a list of names and
contact information for all members of the putative collective.
The parties shall confer promptly about the form of the notice
and shall report to the Court within **30 days** of the date of this
Opinion and Order whether the parties have reached agreement on

16

the form of the notice and, if not, the parties should submit
their counter-proposals.

The Clerk is directed to close ECF No. 41.

**SO ORDERED.**

Dated:      New York, New York
            June 22, 2023

                                        _____
                                             John G. Koeltl
                                    **United States District Judge**