

**Rachhana T. Srey**
Direct: (612) 256-3239
Fax: (612) 338-4878
srey@nka.com

4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(877) 448-0492

July 8, 2024

**VIA ECF**
The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007



Re:   *Lazaar, et al. v. The Anthem Companies, Inc., et al.*
       No. 1:22-cv-3075 (JGLC)
       **Joint Status Letter and Letter-Motion to Stay Proceedings Pending Mediation**

Dear Judge Clarke:

      Plaintiffs Leslie Lazaar and Donna Tropeano-Tirino and Defendants The Anthem Companies, Inc., Empire HealthChoice HMO, Inc. d/b/a Blue Cross Blue Shield HMO and Empire Blue Cross HMO, and HealthPlus HP, LLC d/b/a Empire BlueCross BlueShield HealthPlus and Empire BlueCross HealthPlus, by and through their respective undersigned counsel, jointly file this Joint Status Letter and Letter-Motion to Stay Proceedings Pending Mediation. As detailed in the parties' June 28, 2024 joint status letter, the parties' conferrals over the past month regarding mediation of this case and some or all of the related cases remained ongoing. (ECF No. 109.) The Court endorsed the parties' status letter and ordered the parties to file another joint status letter regarding the progress of their settlement discussion efforts no later than July 8, 2024. (ECF No. 110.) Since that time, the parties have selected a mutually agreeable mediator and mediation date. (*See infra* ¶ 7.) The parties now ask the Court to stay this case pending mediation.

      In support of the Motion, the parties submit the following:

      1.    On April 13, 2022, Plaintiff Leslie Lazaar filed her Collective Action Complaint, alleging that Defendants failed to pay her and their other salaried utilization review nurses overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and New York Labor Law, Article 19 §§ 650, *et seq.*, (Compl., ECF No. 1.) That Complaint was later amended to include Donna Tropeano-Tirino as a Named Plaintiff and Class Representative on April 3, 2024. (ECF No. 90.)

      2.    On May 31, 2024, pursuant to the parties' joint request, the Court set deadlines for Plaintiffs' class certification motion and the parties' summary judgment motions. (ECF Nos. 96 and 99.) Those motions are due to be filed by July 10, 2024, and August 7, 2024, respectively. (ECF No. 99.)

      3.    On June 10, 2024, the Court adopted the parties' deadlines regarding settlement as set forth in their joint letter to the Court. (ECF Nos. 104 and 105.) Specifically, the Court ordered Defendants to produce additional pay and employment data to Plaintiffs necessary to enhance the

accuracy of the parties' damages calculations and facilitate productive settlement discussions on or before June 26, 2024. (ECF No. 105.)

4. The Court also ordered the parties to file a joint status letter with the Court no later than June 28, 2024, and rescheduled the case management conference scheduled for June 12, 2024, to July 2, 2024, at 11:00 a.m. via Microsoft Teams. (ECF No. 105.)

5. Finally, the Court also extended the deadline for the completion of discovery to June 28, 2024. (ECF Nos. 104 and 105.)

6. On June 28, 2024, the parties filed a joint status letter updating the Court on the progress of their settlement discussion efforts. (ECF No. 109.) The parties noted that their discussions regarding mediation remained ongoing but that they anticipated filing a request to stay this case pending mediation should they proceed to mediation. (*Id.*) The Court endorsed the parties' letter, ordered the parties to file a joint status letter with the Court no later than July 8, 2024, and adjourned the case management conference scheduled for July 2, 2024, *sine die*. (ECF No. 110.)

7. Since June 10, the parties have conferred on multiple occasions by both email and videoconference, and have come to a joint decision to attempt to resolve the claims at issue in this case and five other related cases, *Canaday v. The Anthem Companies, Inc.*, No. 1:19-cv-01084-STA-JAY (W.D. Tenn.); *Midkiff, et al. v. The Anthem Companies, Inc.*, No. 3:22-cv-00417-HEH (E.D. Va.); *Baker, et al. v. The Anthem Companies, Inc.*, No. 1:21-cv-4866 (N.D. Ga.); *Landis, et al. v. The Elevance Health Companies, Inc.*, No. 4:23-cv-00005-M-KS (E.D.N.C); and *Kneppar, et al. v. The Elevance Health Companies, Inc.*, No. 8:23-cv-00863-MJM (D. Md.), and to attend private mediation on October 23, 2024. The parties have selected mediator Dennis Clifford. The goal of this mediation will be to reach a resolution of all claims in this case against Defendants, which the parties would then jointly present to the Court for approval.

8. In light of the parties' ongoing discussions regarding settlement over the past month and the related importance of limiting litigation expenses, the parties have jointly agreed to wait to conduct remaining discovery until after mediation, if needed. This includes Plaintiffs' 30(b)(6) deposition of Defendants' corporate representative, outstanding opt-in Plaintiff depositions, and outstanding document production from Defendants. Should the case not resolve, the parties agree that Defendants will complete their document production no later than **November 6, 2024**, fourteen (14) days after mediation. The parties also agree that Plaintiffs' 30(b)(6) deposition of Defendants' corporate representative and outstanding opt-in Plaintiff depositions will be completed no later than **November 13, 2024**.

9. The parties anticipate expending significant resources in preparing for mediation and compiling the information necessary for the mediator to meaningfully evaluate the claims at issue in this litigation. Therefore, a stay of these proceedings, including but not limited to the parties' outstanding discovery and the upcoming July 10 and August 7 dispositive motion deadlines, while the parties finalize mediation details and prepare for mediation would assist them in more effectively mediating this case and applying their resources to try to reach a resolution. To this end, the parties seek to stay this matter from the date of the filing of this motion through

fourteen (14) days after the date of the mediation. Reserving remaining discovery and dispositive motion briefing until after mediation, if needed, will serve the important goal of limiting litigation expenses in favor of a potential resolution. A stay would also conserve the Court's judicial resources, as it would ensure the Court does not expend resources evaluating and ruling on the parties' anticipated dispositive motions where those disputes may be resolved through settlement. The parties further agree that neither party will suffer any harm or prejudice due to the imposition of the requested stay.

10. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (citation omitted)). "[W]here the parties have expressed a clear desire to pursue a resolution," courts consider the following factors when determining whether to stay a matter: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *L.N.K. Int'l Inc. v. Cont'l Cas. Co.*, No. 22-cv-05184-GRB-JMW, 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Catskill Mountains Chapter of Trout Unlimited, Inc. v. Envtl. Protection Agency*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009))). For all of the reasons stated above, all of these factors heavily weigh in favor of staying these proceedings pending mediation.

11. As such, the parties respectfully request that the Court grant the Motion and stay these proceedings from the date of the filing of this Motion through **November 6, 2024**.

12. The parties agree to submit a modified scheduling order to cover litigation through trial, if needed, no later than **November 13, 2024**.

13. Should the parties' reach an accord in principle at mediation, they will notify the Court of such no later than **October 30, 2024**, and request a continued stay of these proceedings until after preparation of a settlement agreement, its submission to the Court for approval, and a ruling on the same.

14. Counsel for the parties have conferred and agreed upon the relief sought, as indicated above.

Dated: July 8, 2024                                                                  Respectfully submitted,

**NICHOLS KASTER, PLLP**                                   **SEYFARTH SHAW LLP**

By: */s/ Rachhana T. Srey*                                         By: */s/ Lennon B. Haas*
Michele R. Fisher, NY Bar No. 4505822             Brett C. Bartlett
Rachhana T. Srey, MN Bar No. 340133*              NY Bar No. 4438149
Caitlin L. Opperman, MN Bar No. 0399978*       bbartlett@seyfarth.com
4700 IDS Center                                                      Kevin M. Young

3

| | |
|---|---|
| 80 S. 8th Street<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 256-3200<br>Facsimile: (612) 338-4878<br>fisher@nka.com<br>srey@nka.com<br>copperman@nka.com<br><br>*Admitted pro hac vice<br><br>*Attorneys for Plaintiffs, the<br>FLSA Collective, and the Putative New York<br>Rule 23 Class* | GA Bar No. 183770<br>kyoung@seyfarth.com<br>Lennon B. Haas*<br>GA Bar No. 158533<br>lhaas@seyfarth.com<br>Shannon R. Cherney*<br>GA Bar No. 370923<br>scherney@seyfarth.com<br>Ethan Goemann*<br>GA Bar No. 326816<br>egoemann@seyfarth.com<br><br>1075 Peachtree Street NE, Suite 2500<br>Atlanta, Georgia 30309<br>Telephone: (404) 885-1500<br>Facsimile: (404) 892-7056<br><br>*Admitted pro hac vice<br><br>*Attorneys for Defendants* |

Application GRANTED. This case is hereby STAYED pending mediation. The deadlines set forth herein are adopted.

The Clerk of Court is directed to STAY the case and terminate ECF No. 111.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: July 9, 2024
New York, New York

4